82,812-01

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS. U.S.A.
NO _____

This document contains some pages that are of poor quality at the time of imaging.

IN RE: JORGE MAXIMO ESPINOZA
APPLICANT - PLAINTIFF
T.D.C.J-NO. 01827464

VS.

ISRAEL RAMON
JUDITH A. CANTU
ROBERT L. GUERRA
BOBBY LOPEZ
ALYSSA CASTILLON
THEODORE HAKE
OSCAR RENE FLORES
Respondents-Defendants

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 04 2015
Abel Acosta, Clerk

ON APPEAL FROM THE
430TH DISTRICT COURT
OF HIDALGO COUNTY,
TEXAS;
TRIAL CAUSE NUMBER-
CR-1726-22-I
COA NO. 13-23-00089-CR

PLAINTIFF'S ORIGINAL APPLICATION FOR
A WRIT OF MANDAMUS AND PROHIBITION

To THE HONORABLE SHARON KELLER, Presiding Judge of the Court of Criminal Appeals of the State of Texas:

Comes Now, REYNALDO FLORES, Entrepreneur, Philanthropist, Sentinel of Civil-Human Rights Violations in Texas Prisons, and Jailhouse Lawyer. Mr. FLORES, is currently Kidnapped in the Texas Department of Criminal Justice, Cotulla Unit, as Political Prisoner, in retaliation for the Unexpected outcome of an infested Jury trial, in 2012 CR 1969 in Bexar County, Texas, in which Mr. FLORES, entrapped his prosecutor and trial

1 of 6

counsel in their own devise and well known customary trickery scheme, and conspiracy to obtain convictions by any mean or brutality, bribery, extortion or False witnesses, among other deceiving practices, well known in the international community. Mr. Flores, recently learned about several draconian convictions prohibit by any modern society and abolished in development countries over 100 years ago. Mr. Flores, met the Applicant; Jorge Maximo Espinoza, in Cotulla facility and learned about his 30 years draconian conviction as result of the customary cahoot between trial counsels, prosecutors, magistrates and local law enforcement agents. Mr. Flores, files this original Application for Writ of Mandamus and Prohibition pursuant to Articles 11.05, 11.34, 11.54, 11.60 of Tex. Code Crim Proc., and Rule 21 of Fed. R. App. Proc.; the Applicant is an illiterate American citizen; with lack of knowledge of the English language and law; for which he was clearly entrapped by his own trial counsel who acted in collusion with the state counsel and trial court in order to obtain said 30 years draconian conviction.

THEREFORE, pursuant the United States Supreme Court holding in Johnson V. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed 2d 718 (1969) which struck down a regulation prohibiting prisoners from assisting each other with Habeas Corpus applications and other legal matters. Since inmates had no alternative form of legal assistance available to them; the U.S. Supreme Court reasoned that this ban on jailhouse lawyers effectively prevented prisoners who were "unable themselves, with reasonable adequacy, to prepare their petitions" from challenging the legality of their confinements. Id. at 489, 89 S.Ct. at 750. And in support of this Relator REYNALDO FLORES, would show the following:

RELATOR

1.01 As aforementioned Mr. FLORES, was kidnapped at gun point by the defendants in FLORES V. S.A.P.D. etal

U.S.D.C. NO. 5:13-CV-2F; Appeal NO. 14-50061; In Cert.; See Also FLORES V. FOURTH COURT OF APPEALS. ETAL. U.S.DC. NO. 2:14-CV-283; FLORES V. WILLIAM STEPHENS, U.S.DC. NO. 5:14-CV-166; P.D.R. 1362-14.

Since 2993. Mr. Flores, has been diligently researching and denouncing these genocide practices of kidnapping and human trafficking; sponsored by the State of Texas, targeting the poor, mental ills, addicts, immigrants, illiterate American Citizens and those who represent a threat to the interest of a well organized International Terrorist Organization, of magistrates, attorney's, law enforcement officers, among others. As Mr. FLORES demonstrated on November 29th 2012, in 2012 CR 1969 in Bexar County Texas, through his acquittal for the fabricated charges of Aggravated kidnapping and sexual assault.

Mr. FLORES, indulgently read the Records in CR-1726 12-J; JORGE MAXIMO ESPINOZA V. THE STATE OF TEXAS, contrary to the MANDATE OPINION of the Thirteenth Court of Appeals "Affirming the Applicant's Conviction" we found Five (5) reversible Constitutional errors, pursuant to TEX. R. App. Proc. Rule 44.2, which are being addressed in the Application for A Writ of Habeas Corpus, pursuant to Art. 11.07 T.C.Ct., and the evidences and record demonstrate that Applicant's conviction constitutes a clear entrapment as result of the undeniable cahoot of the State and both trial and appellate counsels.

2.02   Custom & Policy
Historically, the Hidalgo County Court system, is well known as a Fourth World Court System, among the International Community; due to the high level of Human Trafficking and Drug dealers, protected - sponsored by the Court System. Certainly, the conviction of the Sheriff GUADALUPE TREVIÑO, among other co-offenders are the result of the undeniable fraud, conspiracy to obstruct Justice, arbitrary arrests-

abductions, coercion, intimidation and deception committed in a daily basis against those unable to pay the ransoms and consequently the obvious draconian convictions; such as MR. ESPINOZA'S 30 years conviction.

## 1.03 JURISDICTION & VENUE - LIABILITY

The Court of Criminal Appeals of Texas, has Jurisdiction on this Application and its the proper venue pursuant to Articles 11.05, By whom writ may be granted
11.34 Disobeying writ
11.54 Court may grant necessary orders
11.60 Refusing to execute writ; of TEX. C.C.P. and, Said jurisdiction and venue is superceded by Rule 21 Fed. R. App. Proc.; In absence of relief the Respondents-Defendants are liables. Under 42 U.S.C. §§ 1983, 1985 & 1986 1988; and 18 U.S.C. §§ 4, 241, 242, 249, 1506, 1509, 1510, 1511~1514 among other related § U.S.C.

42 U.S.C. §1986 Provides: §1986 Action for neglect to prevent.

Every person who, having knowledge that any of the wrongs conspired to be done; and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal represen-tatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented See: Bell v. Milwaukee 746 F.2d 1205 (1984) 9(citing); Williams v. St. Joseph Hospital, 629 F.2d 448, 450, 452 (7th Cir. 1980) 9(citing; Hamilton v. Chaffin, 506 F.2d 904, 913-914 (5th Cir. 1975).

Due to the severe injuries inflicted to JORGE MAXIMO ESPI-NOZA and irreparable damages to his family the respondents and defendants are civil and criminal liables.

1.04 _Exhaustion of Legal Remedies._

Mr. JORGE MAXIMO ESPINOZA, has exhausted the available legal remedies and has no other adequate remedy at law, rather that the clear Mockery to his Precious Constitutional rights

I. Mr. ESPINOZA, Faced his trial without defense counsel and was clearly ambushed by the respondents and defendants in CR-1726-12-J., 430th District Court of Hidalgo County, Texas.

II. The Trial Court Maliciously-Premeditately appointed the Conspirator adequate Counsel, OSCAR RENE FLORES., To secure and affirm the 30 years draconian Conviction on Appeal No. 13-13-00089-CR Filing a Frivolous Appellant's Brief Containing nothing else than malicious Statement on State's interest.

1.05 To date, both Petitioner: REYNALDO FLORES, and Applicant-Plaintiff; JORGE MAXIMO ESPINOZA; have received no response from the Trial Court and Respondents-defendants; regarding Applicant's Writ of Habeas Corpus regarding the 5 reversible Constitutional errors and Severe injuries inflicted to Mr. ESPINOZA and his Family.

PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Relator-Petitioner REYNALDO FLORES, Jailhouse Lawyer, being aware of the Customary Cahoot-Conspiracy against Mr. ESPINOZA'S rights and Severe injuries inflicted To him, Pursuant the U.S. Supreme Court holding in Johnson V. Avery, Supra. Respectfully requests to this Honorable Court of Criminal Appeals of TEXAS a finding that the respondents and defendants aforementioned are failing to discharge

their duties as Public Servants; therefore Civil and Criminal liables. And direct the defendants to prepare a Writ of Habeas Corpus; Pursuant the Application Filed on the **31** day of January 2015, Containing Five (5) Reversible Constitutional Errors and Undeniable cahoot and Conspiracy between the defendants and/or Respondents.

Respectfully Submitted.

By

I.H. Lawyer & Sentinel of H.R.
REYNALDO FLORES,
T.D.C.J. No. 1912036
Cotulla Unit
610 FM 624
Cotulla, TX 78014
on behalf of: JORGE M.
ESPINOZA, TDCJ No. 1817464

## CERTIFICATE OF SERVICE

I, REYNALDO FLORES, Political Prisoner, Currently Kidnapped in T.D.C.J. Files this original Application For Writ of Mandamus and Prohibition on Mr. Espinoza's behalf and hereby Certify that a true and Correct Copy of said writ was Transmitted to the Clerk ABEL ACOSTA of the Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, TX 78711, Via U.S. Postal Service First Class Pursuant to 28 U.S.C. § 1746

Dated January **31** 2015

I.H. Lawyer & Sentinel of H.R.
REYNALDO FLORES
T.D.C.J. No. 1912036